IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PAULA B. WHITE                                                                  PLAINTIFF

VS.                          CIVIL ACTION NO.  3:22-cv-135-CWR-FKB

COMMISSIONER OF SOCIAL
SECURITY                                                DEFENDANT

**REPORT AND RECOMMENDATION**

Paula B. White filed a claim for supplemental security income on July 22, 2019. After her application was denied initially and upon reconsideration, she requested and was granted a hearing before an administrative law judge (ALJ).  On June 3, 2021, the ALJ issued a decision finding that White was not disabled.  The Appeals Council denied review.  White now brings this appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff was born on March 22, 1966 and was 55 years of age at the time of the ALJ's decision.  She has a high school education and past relevant work experience as a poultry worker.

The ALJ evaluated White's claim using the familiar sequential evaluation process for determining disability.[1]  At step two, he found that White has the following severe

---

[1] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process, making the following determinations:

    (1)    whether the claimant is presently engaging in substantial gainful activity (if so, a finding of "not disabled" is made);

    (2)    whether the claimant has a severe impairment (if not, a finding of "not disabled" is made);

impairments: Bipolar II disorder, degenerative disc disease, and chronic obstructive pulmonary disease (COPD). R. 26. He concluded that none of these impairments reaches listing-level severity. R. 27-28. He further found that White has the residual functional capacity (RFC) to perform light work with the following limitations: She can only occasionally climb ramps, stairs, and ladders; never climb ropes or scaffolds; only occasionally stoop, kneel, crouch, and crawl; and tolerate only frequent exposure to dust, odors, fumes, and pulmonary irritants. R. 29. The ALJ found that she can understand, remember, and carryout simple, routine tasks; perform simple work-related decisions; frequently interact with supervisors and coworkers; and occasionally interact with the public. *Id.* Finally, he found that she cannot handle money or perform mathematical computations in her head. *Id.* Based upon the testimony of a vocational expert, the ALJ determined at step four that White can return to her past relevant work as a poultry worker. R. 34. He therefore found that she is not disabled. R. 36. He made an alternative finding, relevant for the period prior to when she turned 55 on

---

(3)   whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be disabled);

(4)   whether the impairment prevents the claimant from doing past relevant work (if not, the claimant is found to be not disabled); and

(5)   whether the impairment prevents the claimant from performing any other substantial gainful activity (if so, the claimant is found to be disabled).

*See* 20 C.F.R. §§ 404.1520; 416.920. The analysis ends at the point at which a finding of disability or non-disability is required. The burden to prove disability rests upon the claimant throughout the first four steps; if the claimant is successful in sustaining her burden through step four, the burden then shifts to the Commissioner at step five. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

March 22, 2021, that she can perform the alternative jobs of cleaner, laborer, and electronics assembler.  R. 34-35.[2]              .

In support of her appeal, Plaintiff raises four issues.  First, she alleges that the ALJ erred by failing to resolve a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles (DOT) regarding classification of Plaintiff's past relevant work.  Next, Plaintiff argues that the ALJ erred in his determination of Plaintiff's physical RFC.  Plaintiff's third allegation of error is that the ALJ did not properly analyze the medical opinions of Plaintiff's primary care physician, Dr. Jonathan Buchanan, and an examining consultant, Dr. Shannon Moore.  Finally, Plaintiff contends that the Appeals Council erred in failing to consider additional evidence submitted after the decision of the ALJ.  The undersigned finds this latter argument dispositive.

Plaintiff's additional evidence argument relates to her condition of COPD and the issue of whether she required daily oxygen during the period at issue.  The medical records are not entirely clear on the question of whether and to what extent Plaintiff uses oxygen.  They show that she was admitted to the hospital for two days in January 2020 with an acute episode of COPD following pneumonia and was prescribed home oxygen upon discharge.  R. 465-66.  Progress notes from Weems Mental Health Community Center (Weems) dated January 24, 2020, indicate that she was using oxygen.  R. 847.  During a telemedicine visit with Weems in April of that year, she

---

[2] The Social Security Administration classifies a person aged 55 or older as a person of "advanced age." Rule 202.04 of the Medical-Vocational Guidelines directs a finding of disability for a person of advanced age who has Plaintiff's RFC (light work), education (high school), and work experience (unskilled).  20 C.F.R. 404, Subpart P, App. 2, § 202.04.  Thus, a finding that Plaintiff can perform work other than her past work is relevant only for the period before she turned 55.

stated that she was not using oxygen. R. 756. A physician source statement provided in June of 2020 by her treating physician, Dr. Buchanan, made no mention of COPD, other breathing problems, or oxygen use. R. 777. However, at the ALJ hearing on July 24, 2020, Plaintiff testified that she required oxygen all of the time. R. 128-29. The ALJ nevertheless found that there was no evidence that she required oxygen, noting essentially normal respiratory findings on physical exam, other than during the acute episode in January of 2020. R. 31.

Plaintiff submitted two items of additional evidence on this issue to the Appeals Council. The first consists of a letter Dr. Buchanan dated June 24, 2021, in which he states that Plaintiff suffers from COPD and is on oxygen chronically. R. 16. The remaining item consists of records of Plaintiff's purchase of oxygen and rental of oxygen tanks for two months in early 2021. R. 60-61. The Appeals Council denied review, finding that Dr. Buchanan's statement was not relevant to the period at issue and that that there was not a reasonable probability that consideration of the oxygen records would have led to a different result. R. 1, 2.

When evidence is submitted for the first time to the Appeals Council, the Appeals Council is to grant review if the evidence is new, material, and relates to the period on or before the ALJ's decision, and if there is a reasonable probability that the evidence would change the outcome. 20 C.F.R. §§ 404.970(a); 416.1470(a). Where new and material evidence has been submitted to the Appeals Council, it becomes a part of the record, and a court considering the final decision should review the record as a whole, including the new evidence, to determine whether the Commissioner's findings are still

4

supported by substantial evidence.  *See Higginbotham v. Barnhart,* 163 F. App'x 279, 281 (5th Cir. 2006).

The undersigned concludes that the new evidence is material and relates to the period at issue, *i.e.* the time period through the date of the ALJ's decision, and that the Appeals Council erred in finding to the contrary.  Dr. Buchanan's statement was dated a mere three weeks after the ALJ's decision, and although  Dr. Buchanan does not give a date as to when Plaintiff began using oxygen on a daily basis, his use of the word "chronically" is consistent with the possibility that she was using it at the time of the ALJ's decision. Thus, the fact that the statement was dated three weeks after she was found not disabled was not, in and of itself, a sufficient basis for a finding that the statement did not relate to the period at issue.  As to the oxygen records, they are material in that they establish that Plaintiff was using oxygen several months prior to the date of the decision.

This new evidence of Plaintiff's oxygen use dilutes the record to the point that the decision is no longer supported by substantial evidence.  Furthermore, the issue of Plaintiff's oxygen use is dispositive of her claim.  The vocational expert testified that a person using oxygen daily could not perform the job of poultry worker, Plaintiff's past relevant work.  Thus, if the ALJ had found that Plaintiff uses oxygen daily, the analysis would have proceeded to step five for the entire period at issue.  At step five, Rule 202.04 of the Medical-Vocational Guidelines would have directed a finding of disability for the period beginning the day Plaintiff turned 55.[3]

---

[3] As explained *supra* in note 2, Rule 202.04 directs a finding of disability for a person of advanced age with Plaintiff's education, work experience, and RFC.

For these reasons, the undersigned concludes that the Appeals Council erred in failing to consider the additional evidence submitted by Plaintiff and that the Commissioner's decision is not supported by substantial evidence.  Accordingly, the undersigned recommends that the judgment of the Commissioner be reversed and this matter remanded to the Commissioner for consideration of the new evidence.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 11th day of July, 2023.

                                            s/ F. Keith Ball
                                            United States Magistrate Judge